TERRI F. LOVE, Judge.
BThe Appellants in this case, Eastover Country Club, L.L.C. (now known as Golf Club of New Orleans, L.L.P., but hereinafter referred to as “Eastover”) and East-over Property Owners’ Association, sus-pensively appeal, requesting this Court to review a denial of a new trial and five issues stemming from litigation surrounding the usage of the Eastover Country Club golf driving range.
FACTS AND PROCEDURAL HISTORY
In 1988, Mr. Auguster Cage and Mrs. Cleo Cage (“collectively, Cages”) purchased a treed lot in the Eastover subdivision located in New Orleans East to build a family home. Shortly after moving into their home, stray golf balls from the driving range, located behind their lot, caused damage to their home and vehicles, decreased the use of the backyard, and caused Mr. Cage personal injury. East-over and the Cages sought a non-litigious solution by relocating the golf tee box further from the Cages’ property. However, this relocation caused another Eastover property owner, the Dunns, to begin experiencing similar problems with errant golf balls. The Dunns filed suit on October 31, 1996, seeking damages, injunctive relief, and alleging negligence, the breach of several agreements to remedy the safety concerns, and intentional infliction of emotional distress.
| ^Relocating the golf tee box did not remedy all of the Cages’ problems. The Cages filed suit against Eastover on April 24, 2000, seeking damages and an injunction to prevent the driving range from operating pending resolution of the suit. The trial court granted a motion to consolidate the Dunns’ and Cages’ suits for discovery purposes only. Seven months later the Dunns settled all claims out of court.[1]
After the Dunns’ case settled, the Cages entered into consent judgments ordering Eastover to install netting systems to protect the Cages and their property from the golf balls. However, the netting systems installed by Eastover did not obtain the desired result. The trial court subsequently ordered Eastover to install a new netting system designed by court appointed expert David Tanner,[2] as well as instructed Eastover to limit the type of golf clubs used to lessen the chances of a ball hitting the Cages’ home before completion of the netting system. Eastover did not comply with the court ordered deadline for installing the netting system designed by Mr. Tanner. The trial court bifurcated the injunction and damages proceedings and proceeded to trial on the injunction matter.
The trial court: 1) granted ■ injunctive relief; 2) ordered Eastover to remove, at their cost, all trees leaning on or endangering the Cages’ property; 3) ordered Eastover to remove the remnants of any prior netting systems adjacent to the Cages’ and Dunns’ properties; 4) ordered Eastover to implement Mr. Tanner’s plan created during the proceedings, later known as N-l; 5) required the use of *768 limited flight golf balls on the driving range and limited the tee box to 50 by 200 feet; 6) ordered the closure of the driving range until Mr. Tanner’s design could be | ¡¡implemented; 7) assessed expert fees and construction costs to Eastover; and 8) assessed transcription costs of the trial to the Cages. Eastover filed a Motion for a New Trial/to Modify and/or Clarify Judgment (“Motion for a New Trial”) alleging new evidence. The trial court denied the motion without reasons. Eastover suspen-sively appealed alleging that the judgment and denial of a new trial constituted reversible error.
Eastover alleges the trial court erred by: 1) denying the motion for a new trial; 2) granting excessive and economically inequitable injunctive relief; 3) providing relief to parties not included in the suit; 4) requiring the construction of Mr. Tanner’s plan which violated zoning laws and the Dunns’ settlement; 5) requiring the removal of trees, which the Cages’ injunctive relief claim did not request; and 6) failing to grant Eastover’s exception of prescription.
STANDARD OF REVIEW
The trial court has wide discretion when deciding to grant a new trial. La. C.C.P. Art. 1973.[3] However, Louisiana law provides that a “new trial shall be granted, upon contradictory motion of any party” when the “judgment appears contrary to the law” or when a “party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during trial.” La. C.C.P. Art. 1972.[4] The appellate court will reverse a denial of a new trial upon a showing of abuse of discretion by the trial judge. \ McGhee v. Wallace Drennan, Inc., 2004-0950, p. 11 (La.App. 4 Cir. 4/20/05),904 So.2d 3, 9.
DENIAL OF MOTION FOR NEW TRIAL
A motion for a new trial should be granted when new evidence could not be discovered prior to trial. La. C.C.P. Art. 1972. Eastover presented new evidence post-trial. At trial, Mr. Tanner testified that a netting system encompassing the entire driving range was unnecessary to protect the Cages and their property. Post-trial, Mr. Tanner created a new design that would be less financially cumbersome to Eastover than the $500,000 N-l plan and would not impinge on the property owners surrounding the driving range who were not parties to any litigation. The new .plan also complied with local zoning ordinances whereas the N-l plan ordered by the trial court violated local zoning ordinances. Lastly, the N-l plan would require Eastover to violate the previous settlement in the Dunns’ ease.
The new evidence presented by East-over was not discoverable before trial because Eastover was unaware that the trial court’s judgment would encompass a netting system that included parties not before the court. Therefore, we find the *769 trial judge abused his discretion by denying Eastover’s Motion for New Trial in light of post-trial evidence.
INJUNCTIVE RELIEF AND PRESCRIPTION
We pretermit the discussion of the remaining assignments of error due to the reversal of the trial court’s denial of the Motion for New Trial.
DECREE
We remand all issues to the trial court for reexamination considering the new evidence and to seek a final resolution between the parties.
REVERSED AND REMANDED.
TOBIAS, J., concurs in the result, dissents in part, and assigns reasons.

. We pretermit a discussion of the Dunns’ case because they settled out of court, with prejudice, on March 27, 2003.

. Mr. Tanner is one of the nation's foremost experts on designing protective netting systems for driving ranges.

. A new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law.

. La. C.C.P. Art. 1972: Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
1) When the verdict or judgment appears clearly contrary to the law and the evidence.
2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during trial.
3) When the juiy was bribed or has behaved improperly so that impartial justice has not been done.